FILED
CLERK

October 3, 2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------- X
:
In the Matter of :
:
:
**JACK JORDAN**, an attorney admitted to practice : **MEMORANDUM AND ORDER**
before this Court, : 23-MC-155 (AMD)
:
Respondent. :
:
------------------------------------- X

**WICKS**, United States Magistrate Judge:

Before the Court are the respondent Jack Jordan's motions to (i) reconsider its January 26, 2023 Order (ECF No. 4), (ii) vacate or modify its February 3, 2023 order disbarring respondent (ECF No. 6), and (iii) vacate or modify its July 21, 2023 order disbarring respondent on additional grounds (ECF No. 9). For the reasons that follow, the respondent's motions are denied.

## BACKGROUND

The Court assumes familiarity with the underlying background of this case, incorporating by reference the factual background described in *In re Jordan*, 193 N.Y.S.3d 17 (App. Div. 1st Dep't July 6, 2023) (ECF No. 7) and *In re Jordan*, 518 P.3d 1203, 1207–33 (Kan. 2022) (ECF No. 1-5), and provides only a brief summary of the relevant facts and background.

Over the course of three years, the respondent has submitted numerous trial and appellate filings alleging unethical and illegal conduct by various federal judges. In August 2021, the United States Court of Appeals for the Eighth Circuit referred him for discipline and

1

then disbarred him on November 2, 2021. *Jordan v. U.S. Dep't of Labor*, No. 20-2494, ECF Entry 5093357 (8th Cir. Nov. 2, 2021). In January 2022, a three-member panel of the Kansas Board for Discipline of Attorneys unanimously found that the respondent had violated five of the Kansas Rules of Professional Conduct. The Kansas Supreme Court affirmed the Panel's findings and disbarred him finding that "clear and convincing evidence supports each rule violation the panel found." *In re Jordan*, 518 P.3d 1203, 1206–07 (Kan. 2022). On January 3, 2023, the United States Court of Appeals for the Tenth Circuit denied the respondent's request for an evidentiary hearing and issued a reciprocal order disbarring him. *In re Jordan*, 2023 U.S. App. LEXIS 16506 (10th Cir. Jan. 3, 2023) (ECF No. 1 at 1-3). The Clerk of Court of the Tenth Circuit mailed a copy of the order to the clerk of this Court. (*Id*. at 8.)

On January 26, 2023 the Committee issued an order disbarring the respondent from the practice of law in this Court pursuant to Local Rule 1.5. (ECF No. 2.) The January 26, 2023 order was vacated (ECF No. 4 at 2) because the committee inadvertently cited a disbarment order issued by the Supreme Court of the State of New York, Appellate Division ("First Department") (ECF No. 2) rather than the Supreme Court of Kansas or Tenth Circuit orders. (ECF No. 3 at 2.) At that time, the New York, Appellate Division had not disbarred the respondent, though that has changed.

A new order disbarring Jordan was entered on February 6, 2023 relying on the orders issued by the Supreme Court of Kansas and the Eighth and Tenth Circuits. (ECF No. 3.) The order was to become effective twenty-four days after service unless the respondent moved for modification or reconsideration within twenty days of the date of service pursuant to Local Rule 1.5(d)(1) showing cause why a different disposition should be ordered. (ECF No. 3.) Three days later, the respondent moved for reconsideration of the January 26, 2023 order. (ECF No. 4.) The

2

respondent later followed up that request with a motion to vacate or modify the February 6, 2023 order. (ECF No. 6.) Thus, the Court stayed the February 6, 2023 order pending adjudication of the motion. (Electronic Order dated February 28, 2023.)

On April 24, 2023, the United States Supreme Court suspended the respondent from the practice of law in that court given the Supreme Court of Kansas disbarment. *Matter of Discipline of Jordan*, ⸺ U.S. ⸺, 143 S. Ct. 1801 (2023). On June 5, 2023, the United States Supreme Court disbarred the respondent after he was asked to show cause why he should not be disbarred, had filed a response, and a response conference was held. *In re Disbarment of Jack Revels Tucker Jordan*, ⸺ U.S. ⸺, 143 S. Ct. 2605 (2023).

On July 6, 2023 the Clerk of this Court received a copy of the First Department's order, which disbarred the respondent relying, *inter alia*, on the doctrine of reciprocal discipline. (ECCF No. 7.) On July 21, 2023, this Court issued an order disbarring the respondent based on the First Department disbarment order. The respondent's disbarment from this Court was to become effective twenty-four days after service and was mailed to him the same day. (ECF No. 8.) On August 7, 2023, the respondent again moved to vacate or modify, this time, as to the July 21, 2023 order. (ECF No 9.)

Pursuant to Local Rule 1.5(d), the respondent's "timely filing" of the motion for "modification or revocation of the order" automatically "stay[ed] the effectiveness of the order until further order by this Court."

## LEGAL STANDARD

If an attorney is found by clear and convincing evidence to have been disciplined by any state or federal court, the Committee on Grievances may strike the attorney's name from the roll of attorneys for this Court after giving the attorney notice and the opportunity to respond. Local Rule 1.5(b)(2), (c)(1). The attorney must be served by first class mail at the address listed on the Court's rolls and the last known address shown on the complaint. Local Rule 1.5(d).

The notice must be accompanied by an order by the Clerk of this Court, to become effective 24 days after the attorney is served with terms and conditions comparable to those set by the other Court. *Id.* The attorney can move for revocation or modification of the order within 20 days of service, which stays the order until further Court instruction. *Id.*

When evaluating an attorney's motion for revocation or modification, a court need not "make specific findings about his contentions." *In re Heller*, 153 Fed. App'x 783, 785 (2nd Cir. 2005). Carefully considering his contentions is enough. *Id.* To impose reciprocal disbarment, the "federal courts are required to conduct only the 'limited review' prescribed by *Selling v. Radford*, 243 U.S. 46, 50–51 (1917)." *In re Weinstock*, 155 F. App'x 553, 554 (2d Cir. 2005) (summary order). That review includes screening for three things that could be raised to evade reciprocal disbarment: "(1) absence of due process in the state procedure, (2) substantial infirmity in the proof of lack of private and professional character, or (3) 'some other grave reason' sufficient to indicate that reciprocal disbarment was inconsistent with 'principles of right and justice.'" *Id*. (quoting *In re Tidwell*, 295 F.3d 331, 334 (2d Cir. 2002)).

These concepts are embodied in this Court's local rules, which allow the Court to impose discipline:

> unless the attorney concerned establishes by clear and convincing evidence (i) that there was such an infirmity of proof of misconduct by the attorney as to give rise to the clear conviction that this Court could not consistent with its duty accept as final the conclusion of the other court, or (ii) that the procedure resulting in the investigation or discipline of the attorney by the other court was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process, or (iii) that the imposition of discipline by this Court would result in grave injustice.

Local Rule 1.5(d)(2).

## DISCUSSION

As an initial matter, since the Court vacated its January 26, 2023 disbarment order, the respondent's motion for reconsideration of that order (ECF No. 4) is denied as moot. That leaves the respondent's motions seeking vacatur or modification of both the February 6, 2023 and August 7, 2023 orders. (ECF Nos. 6, 9.) The two disbarment orders each rely on Local Rule 1.5 and the respondent's disbarment in other jurisdictions. The only distinction is that the earlier order relies on the Supreme Court of Kansas, Eight Circuit, and Tenth Circuit disbarment orders, whilst the more recent order simply adds an additional ground, the First Department disbarment order, which in turn relied largely on the Supreme Court of Kansas disbarment order.

Since either order suffices to disbar the respondent, the orders are interlaced, and the respondent's motion papers raise substantially overlapping arguments, the Court address these motions in tandem. As it stands, the respondent has disbarment orders dedicated to him in no fewer than five jurisdictions -- six including this one. The Court has reviewed the respondent's most recent arguments, which are raised in his memorandum of law found at ECF No. 9–3, to see whether they satisfy any of the three defenses to discipline set forth in Local Rule 1.5(d)(2). The respondent's arguments, although numerous, lack merit.

### I. The Respondent's Arguments Have Already Been Rejected

The respondent's primary arguments can be grouped into four categories: (1) First Amendment claims, (2) Due Process and Equal Protection claims, (3) Evidence claims, and (4) Separation of Powers claims. (*See* ECF No. 9–3.) The respondent made almost identical arguments to the New York Appellate Division, First Department. *See In re Jordan*, 217 A.D.3d 21, 26 (1st Dep't App. Div. July 6, 2023). In fact, the respondent has submitted substantially similar, if not the same, arguments to multiple courts.

| Category | Addressed and Rejected |
|---|---|
| First Amendment | <u>Kansas Supreme Court</u><br>• *See In re Jordan*, 518 P.3d 1203, 1234–37 (Kan. 2022). |
| Due Process and Equal Protection | <u>Kansas Supreme Court</u><br>• *See In re Jordan*, 518 P.3d 1203, 1235, 1237 (Kan. 2022).<br><br><u>Tenth Circuit Court of Appeals</u><br>• *See In re Jordan*, 2023 U.S. App. LEXIS 16506, at *3 (10th Cir. Jan. 3, 2023).<br><br><u>Appellate Division, First Department</u><br>• *See In re Jordan*, 217 A.D.3d 21, 26 (1st Dep't App. Div. July 6, 2023). |
| Clear and Convincing Evidence | <u>Kansas Supreme Court</u><br>• *See In re Jordan*, 518 P.3d 1203, 1237 (Kan. 2022).<br>• *See* Oral Argument at 36:30, *In re Jordan*, 518 P.3d 1203 (Kan. 2022)[1]<br><br><u>Appellate Division, First Department</u><br>• *See In re Jordan*, 217 A.D.3d 21, 26, 193 N.Y.S.3d 17, 21 (1st Dep't App. Div. July 6, 2023).<br><br><u>United States Supreme Court</u> |

---

[1] Available at https://www.youtube.com/watch?v=Jy4AIByQMzg&ab_channel=KansasSupremeCourt.

|  | • *See* Pet. For Writ of Cert. at 48–49, *Jordan v. Kan. Disciplinary Adm'r*, No. 22-684, *cert denied*, 143 S. Ct. 982 (Feb. 27, 2023). |
|---|---|
| Separation of Powers | Kansas Supreme Court<br>• *See In re Jordan*, 518 P.3d 1203, 1236–37. |

These arguments have all been heard, addressed, and rejected. The respondent's sixth bite at the apple meets the same fate.

## II.   Infirmity of Proof, Due Process, and Grave Injustice

After carefully considering the respondent's contentions, this Court agrees with the five other courts that have disbarred the respondent that his arguments lack merit. The respondent bears the heavy burden of showing through clear and convincing evidence that reciprocal disbarment is not appropriate. The respondent fails to do so. There are no due process concerns, there is no infirmity of proof, and there is no grave injustice in the respondent's disbarment.

First, the respondent fails to show there is a lack of proof for his misconduct. The Court agrees that the "record fully supports the Kansas Supreme Court's misconduct findings." *In re Jordan*, 217 A.D.3d 21, 26 (1st Dep't, App. Div. July 6, 2023). Second, the respondent fails to show that he was deprived of due process. He received notice, submitted a written defense, and defended himself at hearings before a disciplinary panel and the Kansas Supreme Court. *See id*; *In re Jordan*, 2023 U.S. App. LEXIS 16506, at *3 (10th Cir. Jan. 3, 2023). Indeed, the record reflects as observed by the First Department that the "[r]espondent received notice of the charges and mounted a full and vigorous defense[.]" (ECF No. 7 at 8.)

The respondent's argument that this Court bears the burden of proof under *Selling v. Radford*, 243 U.S. 46 (1917) is misguided. The Second Circuit has made clear that unless the Committee or the Court itself moves for revocation or modification, "the disciplined attorney bears the burden of demonstrating . . . that a different disposition would be appropriate." *In re Roman*, 601 F.3d 189, 193 (2d Cir. 2010) (citing *In re Friedman*, 51 F.3d 20, 22 (2d Cir. 1995).

7

Lastly, the respondent fails to show that discipline by this Court would result in grave injustice. To the extent that the respondent argues imposing discipline would violate his First Amendment rights and therefore would result in grave injustice, he is mistaken. In reality, the respondent is not being "disciplined for criticizing the courts, but for incompetently representing his clients." *In re Moore*, 177 F. Supp. 2d 197, 201 (S.D.N.Y. 2001).

Moreover, Local Rule 1.5(b)(5) allows discipline if "[i]n connection with activities in this Court, an attorney is found to have engaged in conduct violative of the New York State Rules of Professional Conduct as adopted from time to time" by clear and convincing evidence. The First Department concluded that the same "misconduct for which he was disciplined in Kansas constitutes misconduct in New York in violation of the Rules of Professional Conduct." (ECF No. 7 at 8.) In this respect, pursuant to Local Rule 1.5(b)(5), sans significant federal interests or a binding decision from either the U.S. Supreme Court or the Second Circuit to the contrary, "in the interests of comity and predictability, [this Court] will give due regard to decisions of the New York Court of Appeals and other New York State courts" when interpreting the New York State Rules of Professional Conduct.

Additionally, the Court finds persuasive that "the United States Supreme Court . . . has also disbarred [the respondent] . . . and implicitly rejected" his arguments. *In re Friedman*, 51 F.3d 20, 22 (2d Cir. 1995). And it joins the five other courts that have disbarred the respondent and found his arguments wanting.

## CONCLUSION

Considering the respondent's failure to establish by clear and convincing evidence that any defense in Local Rule 1.5(d)(2) applies, his motions to vacate or modify (ECF Nos. 6, 9) the Court's disbarment orders are denied.

Dated :    Central Islip, New York
           October 3, 2023

SO ORDERED:

/s/ *James M. Wicks*
_____
JAMES M. WICKS, U.S.M.J.
Member, the Committee on
Grievances, E.D.N.Y.